Bruce T. Moats
Law Office of Bruce T. Moats, P.C.
2515 Pioneer Avenue
Cheyenne, Wyoming 82001
(307) 778-8844
Fax: (307) 638-1227
bmoats@hackerlaw.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| **FLOYD WILKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 08-CV-0115-B** |
| | ) | |
| **ERIC SHINSEKI, Secretary,** | ) | |
| **U.S. Department of Veterans Affairs,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## *PLAINTIFF'S MOTION TO RECONSIDER*

Plaintiff Floyd Wilkerson, by and through his counsel, hereby moves the Court to alter its judgment in this matter pursuant to F.R.C.P. Rule 59(e).  In support of his motion, Plaintiff states as follows:

The Court granted Defendant's Motion for Summary Judgment on February 4, 2009.  In the Order Granting Summary Judgment, the Court cites the testimony of Elvin Wrede, supervisor of the boiler plant, that a boiler explosion "could bring down the entire building."  The Court then stated: "If Plaintiff were to experience a hypoglycemic event, and an emergency occurred while he was incapacitated he would place an inordinate amount of people at risk of injury or even death."  The Court goes on to state that given that the result of an explosion would "undoubtedly be disastrous for those people in the building," that even if the risk of the explosion occurring is small, Wilkerson

still posed a direct threat to the safety of himself and others.

A search of the record failed to locate any testimony informing the court of the location of the boiler plant on the campus of the VA Medical Center in Cheyenne.  In fact, the boiler plant is located in Building 13 north of the hospital/clinic complex as shown on the map attached to the Declaration of Wilbur Job, who worked at the Cheyenne VA for 16 years and with boilers in VA facilities for 26 years and designated as Plaintiff's expert.  *Second Declaration of Job, ¶2.* The building is normally occupied by only the boiler operator on the evening and night shifts.  On the day shift, there is normally two boiler operators on shift. If one would become incapacitated, then the other could handle any emergencies.  During the day shift on weekdays, the building is occupied by the grounds crew for only short periods at the start and the end of the shift. *Second Declaration of Job, ¶ 3.*

In the record is the testimony of Joe Wooten, the head boiler operator at the VA.  Wooten testified that it was "very inconceivable" that the safety devices designed to prevent an explosion were all to fail. *Wooten Depo., p. 15.* However, he said, if they all failed at the same time that Wilkerson suffered an hypoclycemic event that incapacitated him, then a boiler tube could rupture. The tube would be "like a garden hose whipping around," and it could take out other boilers. *Wooten Depo., p. 15.* Job, in his affidavit, generally agrees with Wooten's description and states that the escaping pressure would not bring down the building, but could blow out the windows. *Second Declaration of Job, ¶ 4.*

Plaintiff asks the Court to reconsider its grant of Defendant's motion for summary judgment because its finding that an "inordinate amount of people" will be placed at risk is not correct, or, at the least, is subject to a factual dispute.  Based upon this finding, the Court held that even if the risk

of the harm was small, an employee is a direct threat when the severity of the risk is great.

A "'direct threat' means a significant risk to the health and/or safety of others that cannot be eliminated by reasonable accommodation." *Justice v. Crown Cork*, 527 F.3d 1080, 1091 (10th Cir. 2008). In *Justice*, the plaintiff "acknowledged that the position of electrician in the Worland plant could be 'deadly' and that 'lives were at stake.'" The Tenth Circuit held, in reversing summary judgment granted to the employer, that while the "severity of the harm [was] great, a reasonable jury could conclude that the likelihood of the harm was extremely small and that Justice therefore did not pose a 'direct threat' to the safety of himself and others in the Worland plant." *Id.* at 1091-92.

The evidence[1] outlined by the Plaintiff in his opposition to the Defendant's motion for summary judgment is adequate to allow the jury to decide the factual issue of whether the likelihood of the harm is so small that despite the potential severity of the harm, Wilkerson does not present a "direct threat" to safety. This factual issue must be resolved by a jury and is not an appropriate basis for summary judgment. *See Whitney v. Board of Education of Grand County*, 292 F.3d 1280, 1286 (10th Cir. 2002).

THEREFORE, Plaintiff respectfully requests that the Court reconsider its Order granting summary judgment and deny Defendant's motion for summary judgment.

DATED this 12th day of February, 2009.

FLOYD WILKERSON, Plaintiff

By: _Bruce J. Moats_

Bruce T. Moats (WY Bar No. 6-3077)
Attorney for Plaintiff

---

[1] See Memorandum in Support of Opposition, pp. 14-15. See, also, Wrede Depo., pp. 26-29, 42-44(currently in the record), and the Second Delcaration of Job ¶¶ 3&4.

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 12th day of February, 2009, a true and accurate copy of the foregoing ***PLAINTIFF'S MOTION TO RECONSIDER*** was delivered to the Court via the CM/ECF system, and thereby also delivered to counsel for Defendant.  The same was also served via U.S. Mail, postage prepaid and correctly addressed to:

> Steven K. Sharpe
> steven.sharpe@usdoj.gov
> U.S. Attorney's Office
> 2120 Capitol Avenue Ste 4000
> P.O. Box 668
> Cheyenne, WY 82003-0668